IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN ROBERTSON,
    *Appellant*,

    v.

UNITED STATES OF AMERICA, *et al.*
    *Appellees*.

Civil Action No. ELH-16-1109

**MEMORANDUM**

On April 14, 2016, Kevin Robertson, the self-represented appellant, filed a Notice of Appeal, pursuant to 28 U.S.C. § 158(a), (b).  ECF 1, "Notice of Appeal."  Robertson challenges the bankruptcy court's denial of a motion to reopen his bankruptcy case.  *See* ECF 1-1.  The appellees are the United States of America (the "Government") and the Comptroller of Maryland (the "Comptroller") (collectively, "Appellees").

The Comptroller filed a "Motion to Dismiss Appeal" on April 29, 2016.  ECF 4, "Comptroller's Motion."  The Comptroller "asserts that pursuant to Fed. R. Bankr. P. 8009(b)(1), appellant was required to order a transcript of the proceedings below within 14 days of the filing of the notice of appeal."  ECF 4 at 1.  Further, the Comptroller states: "Appellant failed to order a transcript, and instead filed his appellate brief simultaneously with his designation of the record on appeal."  *Id.*; *see also id.* ¶ 11.  As a result, the Comptroller contends that Robertson's appeal should be dismissed.  *Id.* ¶ 12.

On May 6, 2016, the Government filed a similar "Motion to Dismiss Appeal."  ECF 8, "Government's Motion."  The Government's Motion also urges dismissal of Robertson's appeal

because of his failure to submit a transcript of the hearing on April 4, 2016, as required under Fed. R. Bankr. P. 8009(b).  ECF 8 at 1.[1]

In response, on May 12, 2016, Robertson filed "Appellant, Response to Defendants [sic] Motion to Dismiss Appeal."  ECF 18, "Opposition."  He contends that "Pro Se pleadings are to be read liberally" (*id.* at 1), and notes that he "has requested an order of the transcript . . . of the evidentiary hearing entered on the 4 day of April, 2016 [sic] . . . ."  *Id.* at 3.   Therefore, he asks the Court to deny both motions.

Thereafter, on May 27, 2016, a transcript of the hearing held on April 4, 2016, before Bankruptcy Judge Nancy V. Alquist, was transmitted to this Court.  ECF 20, "Transcript."

Bankruptcy Rule 8009 states, in relevant part, that "within 14 days" of filing a notice of appeal (Fed. R. Bankr. P. 8009(a)(1)), an appellant seeking review of a bankruptcy court judgment "must order in writing from the reporter . . . a transcript of such additional parts of the proceedings as the cross-appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk" or "file with the bankruptcy clerk a certificate stating that the cross-appellant is not ordering a transcript."  *Id.* 8009(b)(1).   In the event that an appellant fails to comply with this requirement, "the district court has discretion to dismiss the appeal."  *In re Silver Spring Family Medical Ctr., LLC*, ___B.R.___, TDC-15-1834, 2016 WL 827387, at *3 (Mar. 3, 2016) (citing Fed. R. Bankr. P. 8003(a)(2)).  However, of import here, the "Court is not obligated . . . to impose such a harsh sanction for a procedural misstep."  *Id.* (citing *Resolution Trust Corp. v. SPR Corp. (In re SPR Corp.)*, 45 F.3d 70, 74 (4th Cir. 1995)).

---

[1] The Government indicates that the relevant bankruptcy hearing took place on April 6, 2016 (ECF 8, ¶ 1), but also quotes the bankruptcy court as noting that the hearing occurred on April 4, 2016.  *Id.* ¶ 2. The exact date of the hearing is not material to my ruling.

When considering whether to dismiss an appeal based on an "untimely, non-jurisdictional filing," a court must consider "whether (1) the appellant acted in bad faith or negligently; (2) the appellant had an opportunity to explain the delay; (3) the delay prejudiced the appellee; and (4) sanctions short of dismissal would be appropriate." *In re Silver Spring Family Medical Ctr., LLC*, TDC-15-1834, 2016 WL 827387, at *3 (citing *In re SPR Corp.*, 45 F.3d at 72, 74).

To be sure, Robertson failed to comply with Rule 8009, by belatedly requesting the Transcript of the hearing on April 4, 2016.   However, I am mindful that plaintiff is self-represented.   *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   Moreover, Appellees have not advanced, nor does the record suggest, any bad faith on the part of Robertson or prejudice to appellees from the brief delay.   Therefore, I discern no reason to dismiss Robertson's appeal based on his procedural misstep, particularly given that the Transcript has since been docketed. *See* ECF 20.

Accordingly, I shall deny the Comptroller's Motion (ECF 4) and the Government's Motion (ECF 8).   An Order follows.


Date:  June 23, 2016                       /s/                            
                                       Ellen Lipton Hollander
                                       United States District Judge